IN THE MATTER OF JOINT COUNTY DITCH # 2365.

[Cite as In re Joint County Ditch (1978),
60 Ohio App. 2d 410.]

(No. S-77-35—Decided April 21, 1978.)

*Mr. J. Vincent Buchanan,* for appellants.
*Mr. Stephen E. Hagerman,* for appellee.

*Per Curiam* On October 5, 1976, the Joint Board of County Commissioners of Wood and Sandusky Counties entered a final order for the improvement of Joint County Ditch No. 2365. On October 26, 1976, Elmer Bomlitz posted bond and filed the requisite statement of appeal with the county auditor raising all permissible grounds of appeal. The appeal and transcript were actually filed in Sandusky county Common Pleas Court on December 14, 1976. On January 6, 1977, such court granted Richard L. Depner's motion to join the appeal as a party defendant. A judgment entry file stamped March 24, 1977, acknowledges Mr. Bomlitz's pretrial settlement with the Commissioners, dismisses with prejudice all but the damage claim in Mr. Bomlitz's appeal and, after stating that there is no reason for delay, orders completion of the ditch. The court's *nunc pro tunc* judgment entry, file stamped April 11, 1977, is identical to the March 24, 1977, entry except that the later entry deletes a sentence referring to the assessment of costs. On June 16, 1977, the

appellants herein, landowners filed a motion to join the appeal in the Common Pleas Court under the bond and statement of Elmer Bomlitz and raised all of the issues Mr. Bomlitz raised in the initial statement of appeal. Appellants also filed a motion for a preliminary injunction on June 16, 1977, and a motion for a temporary restraining order on June 21, 1977, both of which sought to halt any further work or construction on Joint County Ditch No. 2365. By a judgment entry dated November 28, 1977, the Common Pleas Court denied appellants' motion to join on the grounds that the matters were previously determined and the appellants' motion for joinder was not timely, and they timely appealed to this court.

The first and second assignments of error are as follows:

"The denial by the trial court to permit appellants to join the proceedings herein below is contrary to law.

"The judgment entries filed in the case below on April 11, 1977 and March 24, 1977 are contrary to law and exceed the jurisdictional authority of the court."

We find both assignments well taken. R. C. Chapters 6133 and 6131 provide special procedures for the hearing, the determination and the appeal in cases involving Joint and Single County Ditches. All rights of appeal and other rights and remedies provided in R. C. Chapter 6131 for single county ditch matters are also applicable to joint county ditch matters. R. C. 6133.03. R. C. 6131.25 provides that any interested landowner may appeal to the Court of Common Pleas from a final order of a board of county commissioners and raise any or all of the following questions:

"(A) Is the improvement necessary?

"(B) Will the improvement be conducive to the public welfare?

"(C) Is the cost of the improvement greater than the benefits conferred?

"(D) Is the route, termini, or the mode of construction the best to accomplish the purpose of the improvement?

"(E) Are the assessments levied according to benefits?

"(F) Is the award for compensation or damages just?"

R. C. 6131.26, and 6131.28 set forth the time and manner for appeals and provide, *inter alia,* that one interested landowner may file a statement of appeal and bond, two or more

interested landowners may join in the same appeal, statement and bond, or several owners may file separate appeal bonds and statements which will be heard in one action. It is undisputed that appellants herein have not followed any of the provisions outlined above, but it is also admitted that Elmer Bomlitz, a landowner interested in the same Joint County Ditch No. 2365, did perfect a timely appeal pursuant to R. C. 6131.26 which raised all of the issues specified in R. C. 6131.25.

We conclude that because the original notice of appeal included all matters which were appealable pursuant to R. C. 6131.25, all landowners were necessarily brought in the appeal. R. C. 6131.29 provides in pertinent part:

"After an appeal has been perfected by any owner, any other interested owner by motion, oral or in writing, may by order of court be entered on the record as jointly interested with the appellant."

While the use of the word "may" normally connotes a vesting of discretion in the court, the exercise of which cannot be disturbed on appeal absent an abuse of that discretion, other provisions in R. C. Chapter 6131, most notably R. C. 6131.30, compel the conclusion that joinder is not a discretionary but, rather, a mandatory product of the statute. With reference to appeals in Common Pleas Court, R. C. 6131.20 provides:

"An appeal *shall bring into court all the owners* who in any way may be interested in or affected by the matter appealed." (Emphasis added.)

The same section further provides with reference to appeals from the Common Pleas Court to the Court of Appeals:

"The court***shall make such judgment, order, or decree as is warranted by the evidence. Any owner aggrieved by such judgment, order, or decree may file a bill of exceptions and may appeal for a review of said proceedings, the same as in other civil cases.***"

This language is a clear expression of legislative intent to allow all landowners interested in a specific ditch to become a part of the appeal process whether or not the landowner actually filed or joined the initial appeal to the Common Pleas Court. *Cf.* 18A Ohio Jurisprudence 2d 271, Drainage, Section 133. Thus, appellants herein were automatically made a part

of Elmer Bomlitz's appeal through the operation of law. R. C. 6131.30. A denial of their motion cannot be predicated on an exercise of discretion because the Common Pleas Court possessed none relative to this issue, nor can the denial be based on a time limit for such motions since the statute imposes no time limit.

It is true that all but one of the issues appellants sought to raise in Elmer Bomlitz's appeal were dismissed with prejudice by judgment entries of the court filed before appellants' motion for joinder. Nonetheless, the manner of the dismissal, the absence of a de novo hearing in the Common Pleas Court, and retention of the damage claim by that court compels the conclusion that appellants herein can properly join the appeal and put before the Common Pleas Court all issues jointly raised by Elmer Bomlitz's appeal statement and appellants' motion for joinder.

R. C. 6131.30 mandates that the Common Pleas Court hear all matters appealed de novo. A de novo trial entails an independent judgment upon issues of fact and law and a trial of all issues raised as if the county commissioners had not already heard and determined the same issues. See *In re Joint County Ditch* (1930), 122 Ohio St. 226. Thus, in an appeal from a decision of the Board of Commissioners, the Common Pleas Court "***sitting as a court of equity shall bring the entire proceedings before it in order that the court may determine all the issues raised in the proceedings and enter a final judgment, order, or decree for or against the improvement petitioned for, and for or against the assessments to be levied, and the compensation, and damages to be paid." R. C. 6131.30.

In the instant case, no evidence was taken and no trial was had. The first four paragraphs of Elmer Bomlitz's appeal—which challenged the necessity of the improvement, questioned whether its cost outweighed the benefits conferred, and raised the issue of whether the mode and route were the best to accomplish the purpose of the improvement—were dismissed prior to trial, without a hearing. The court's judgment entries separated those aspects of Elmer Bomlitz's appeal from the damage claim over which it retained jurisdiction, and through that separation attempted to make a determination which was final for purposes of pro-

ceeding with the ditch construction and foreclosing any further challenge to the Commissioners' decision. This, the court was without power to do. So long as the damage claim was pending, the appeal was not finally determined and remained open on all issues raised. R. C. 6131.24 and 6131.37 clearly prohibit the letting of contracts for ditch construction until any appeal pending has been determined finally. It is equally clear that "a final determination of the appeal on [a] trial de novo can not possibly be had until after the determination of the amount of compensation and damages." In re Joint County Ditch (1952), 92 Ohio App. 249, 262.

Therefore, the judgment entries of March 24 and April 11, 1977, did not and could not finally determine the appeal. Thus, these entries could not operate to foreclose appellants' rights to join the appeal nor could they vest power in the Commissioners to begin the letting of contracts or in the engineers to commence the actual construction of the ditch. Upon remand, appellants must be permitted to join the appeal and to raise all issues initially raised in Elmer Bomlitz's appeal statement.

Appellants' other assignments of error do not appear on the record before us and were never raised in the court below. These matters are not properly before this court and should be raised, if at all, in the trial court upon remand.

*Judgment reversed*
*and cause remanded.*

POTTER, P. J., BROWN and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6 (C), Article IV., Constitution.