ALCORN, Appellee,

v.

SPALDING & EVENFLO CORPORATION, Appellant, et al.

[Cite as *Alcorn v. Spalding & Evenflo Corp.* (1992), 79 Ohio App.3d 561.]

Court of Appeals of Ohio,
Miami County.

No. 91–CA–51.

Decided May 15, 1992.

*E.S. Gallon & Assoc.* and *James R. Piercy,* for appellee.

*Schottenstein, Zox & Dunn, Robert E. Weisman* and *William J. Barath,* for appellant.

*Lee Fisher,* Attorney General, and *Robert L. Solomon II,* Assistant Attorney General, for Industrial Commission of Ohio and Bureau of Workers' Compensation.

GRADY, Judge

## I

On June 1, 1983, appellee Allie S. Alcorn injured her back in the course of her employment with appellant Spalding & Evenflo Corporation. She filed a claim with the Bureau of Workers' Compensation and was allowed to participate in the Workers' Compensation Fund for an "acute traumatic strain/

sprain of the cervical and upper thoracic spine, myofascitis, left brachial syndrome."

On September 14, 1989, Alcorn requested an additional allowance from the same injury for a "herniated cervical disc." She also requested temporary total disability benefits beginning on February 22, 1988 and payment of related medical bills.

Alcorn's claim for an additional condition was referred for hearing by a district hearing officer. The district hearing officer, by decision filed October 11, 1989, allowed the additional condition *and* found that Alcorn was temporarily totally disabled by reason of the condition from February 22, 1988 through March 1, 1989. He ordered payment of benefits for that term, to continue upon submission of proper medical proof.

Spalding appealed the decision of the district hearing officer. The decision was reviewed by the Dayton Regional Board of Review, which agreed with the district hearing officer that Alcorn was totally disabled as a result of the condition. However, the board found that the disability was permanent, not temporary as the district hearing officer had found. The board therefore modified the order of the district hearing officer to provide that Alcorn's condition would be one of permanent disability on June 6, 1990.

Alcorn appealed to the Industrial Commission. Spalding did not appeal. The Industrial Commission vacated the order of the regional board of review and reinstated the order of the district hearing officer.

Spalding appealed to the court of common pleas pursuant to R.C. 4123.519. As required by the statute, Alcorn filed a complaint and jurisdictional statement, but argued that the court lacked jurisdiction under the rule of *Lamb v. Sugar Creek Packing Co.* (Feb. 7, 1983), Montgomery App. No. 7924, unreported, to hear Spalding's appeal because Spalding's failure to appeal to the Industrial Commission from the regional board of review constituted an abandonment of its right to appeal and/or a failure to protect the right. The common pleas court agreed and dismissed Spalding's appeal.

Spalding has filed a timely notice of appeal from the order of the common pleas court.

## II

Appellant's assignments of error will be considered together. They state:

"The trial court erred when it dismissed the defendant-appellant, Spalding & Evenflo Corporation's R.C. section 4123.519 appeal based on lack of subject matter jurisdiction, as the issue presented by that appeal concerns allowance of a condition, rather than the extent of claimant's disability.

"The trial court erred when it ruled that a party to a workers' compensation decision is permitted to administratively appeal limited portions of that decision under R.C. section 4123.516, rather than appealing the decision in its entirety."

The workers' compensation system was established in Section 35, Article II, Constitution of Ohio, and in R.C. Chapters 4121 and 4123, "to provide a speedy, simple and inexpensive method to compensate work[ers]" for injuries and disabilities sustained in the course of their employment. *Goodman v. Beall* (1936), 130 Ohio St. 427, 429, 5 O.O. 52, 53, 200 N.E. 470, 471. The system also attempts to limit the financial responsibility of employers and "do away with the vexatious and protracted litigation which had proved so costly, exhaustive, and unsatisfactory, ofttimes resulting in great injustice." *Id.*

In furtherance of these purposes, a worker whose employer has subscribed for workers' compensation coverage may file a claim with the Industrial Commission if the employee believes he has suffered a work-related injury. If, after investigation, the Administrator of the Bureau of Workers' Compensation determines the claim is valid, compensation is paid. R.C. 4123.513. If the employer timely objects, the "disputed claim" is referred for hearing by a district hearing officer. R.C. 4123.515.

The district hearing officer hears the parties interested in the disputed claim and the grounds alleged. He then issues a decision on the claim and dispute and his reasons therefor. If the district hearing officer finds the claim has merit, he orders compensation paid. If he decides the claim lacks merit, he orders no compensation. In either case, the decision of the district hearing officer is subject to appeal pursuant to R.C. 4123.516, which provides, in pertinent part:

"A claimant, an employer, or the administrator of the bureau of workers' compensation who is dissatisfied with a decision of the district hearing officer may appeal therefrom by filing a notice of appeal with the bureau, with a regional board of review, or with the industrial commission, within twenty days after the date of receipt of notice of the decision of the district hearing officer."

The Industrial Commission may, in its discretion, hear an R.C. 4123.516 appeal itself or refer it to a regional board of review for that purpose. The decision of the regional board of review is that of the Industrial Commission "except where an appeal is allowed by the industrial commission." *Id.*

The decision of the Industrial Commission may be appealed to the common pleas court by the claimant or the employer, pursuant to R.C. 4123.519. The statute provides no grounds for appeal, but does provide that a decision of the Industrial Commission "as to the extent of disability" may not be appealed.

*Id.* However, regardless of which party has filed a notice of appeal, the claimant must next "file a petition containing a statement of facts in ordinary and concise language setting forth a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.519(C). Further proceedings are governed by the Rules of Civil Procedure. *Id.*

In this case the employer, Spalding, filed a notice of appeal to the common pleas court from the decision of the Industrial Commission. Alcorn, the employee, filed a petition alleging her industrial claim and its causes. However, she also argued that the court lacked jurisdiction because Spalding had failed to preserve an issue for appeal, relying on *Lamb v. Sugar Creek Packing, Co., supra.* The trial court, while critical of the rule of *Lamb*, followed that precedent and dismissed.

*Lamb* presented facts virtually identical to those before us now. The claimant's *right* to participate in the fund had not been disputed at any administrative level. The order of the Industrial Commission from which appeal was taken had only reversed the regional board of review concerning extent of disability and reinstated the order of the district hearing officer on the issue. Reasoning that the issues appealable to the court of common pleas could concern only the issues decided by the Industrial Commission, in that case the "extent of disability," an issue over which the court has no jurisdiction, we affirmed the trial court's dismissal of the employer's appeal.

The common pleas court below applied the rule of *Lamb*, but was critical of its analysis. In particular, the court discussed several more recent decisions of the Court of Appeals for Franklin County, reaching a contrary result; *State ex rel. Gibson v. Indus. Comm.* (Feb. 24, 1987), Franklin App. No. 85AP–667, unreported, 1987 WL 7102, and *United Parcel Serv., Inc. v. Indus. Comm.* (Dec. 11, 1990), Franklin App. No. 90AP–321, unreported, 1990 WL 204717. The same rule was followed in both;

"R.C. 4123.516 places the order pertaining to the subject of appeal before the Industrial Commission in all of its aspects despite the fact that only one of the parties have [*sic*] filed an appeal and portions of the order pertaining to the subjects of appeal are favorable to the appealing party. *Gibson, supra,* at 3." *United Parcel Service, supra,* at 3.

We believe that the issues raised by those decisions, as well as the review of the issue by the common pleas court below, support a re-examination of our decision in *Lamb*.

■ The issues presented to the court of common pleas pursuant to an R.C. 4123.519 appeal from a decision of the Industrial Commission are subject to *de*

*novo* review by the court. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. "A *de novo* trial entails an independent judgment on issues of fact and law and a trial of all issues raised as if the [administrative agency] had not already heard and determined the same issues." *In re Joint Cty. Ditch* (1978), 60 Ohio App.2d 410, 413, 14 O.O.3d 427, 429, 398 N.E.2d 570, 573. An appeal to the common pleas court pursuant to R.C. 4123.519 will, therefore, subject to that form of review all issues of fact and law arising from the decision of the Industrial Commission determining the claimant's right to participate or continue to participate in the fund. *Afrates supra.*

 Our decision in *Lamb* likened, if only inferentially, the review performed by the Industrial Commission in an R.C. 4123.516 appeal to the form of review by a court of matters appealed to it from lower tribunals. The rule generally applied by courts is that decisions of lower bodies acting within their jurisdiction are presumed on review to be valid, in good faith, and in the exercise of sound judgment. *Bloch v. Glander* (1949), 151 Ohio St. 381, 39 O.O. 216, 86 N.E.2d 318. Therefore, the review by the higher court is limited to specific error committed below and does not include other aspects of the judgment or order appealed from. That rule is not, however, applicable to the review by a higher administrative body of the decision of a lower body or officer within the same administrative system. The higher body may *fully* reconsider the decision of the lower body, including any matters not specifically alleged to be error by the party who has brought the appeal. Therefore, it is not necessary, absent a specific requirement, that a party who "appeals" to the higher administrative body take any special steps to preserve an issue for that review. The higher administrative body may, on review, consider any issue of fact or law it considers relevant to the issue before it and make orders consistent with its findings.

 We now conclude that our prior holding in *Lamb* was in error. R.C. 4123.516 does not limit the Industrial Commission to an "error review." Therefore, on appeal, the Industrial Commission considers all issues of fact and law relevant to the disputed claim before it. Its order necessarily adjudicates those issues, whether or not they were specifically contested below. The *de novo* review by the trial court of the decision of the Industrial Commission comprehends all issues of fact and law decided by the Industrial Commission, except issues concerning the "extent of disability," which are specifically excluded from the court's jurisdiction by R.C. 4123.519. The fact that a specific objection was not raised during proceedings before the district hearing officer, the regional board of review, or the Industrial Commission itself does not preclude its review by the trial court. Therefore, a party who seeks a review pursuant to R.C. 4123.519 is not precluded from doing so

because he failed to do so in the administrative process. So long as the necessary prior stages of review have been performed, any party may raise any issue concerning coverage before the trial court.

 For the foregoing reasons we hold that the common pleas court has jurisdiction to hear and determine the timely appeal by either the claimant or the employer from the decision of the Industrial Commission finding for or against the claimant's right to participate in the Workers' Compensation Fund, despite the fact that the party or parties filing a notice of appeal pursuant to R.C. 4123.519 did not seek the Industrial Commission's review pursuant to R.C. 4123.516 and/or the fact that portions of the order appealed from are favorable to the appealing party. We reverse our prior holding in *Lamb* to the extent that it is in conflict with our holding in this case.

### III

Having overruled *Lamb v. Sugar Creek Packing Co., supra,* we must reverse the judgment of the trial court following the rule of that case on substantially identical facts. Appellant's assignments of error are sustained. The cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

WILSON and WOLFF, JJ., concur.