HORVATH, Admr., Appellee and Cross–Appellant,

v.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
Appellant and Cross–Appellee, et al.

[Cite as *Horvath v. Nationwide Mut. Fire Ins. Co.* (1996), 108 Ohio App.3d 732.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE06–795.

Decided Jan. 25, 1996.

*Plymale & Associates* and *Andrew W. Cecil;* and *Christopher Cicero,* for appellee and cross-appellant Susan Horvath.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *James P. Dinsmore,* for appellant and cross-appellee.

*Enz, Jones & Legrand* and *Grey Jones,* for Eric V. Gordon.

HOLMES, Judge.

This case involves a dispute over the liability coverage of a homeowners' insurance policy. At issue is the policy's intentional-acts exclusion. This issue depends upon the scope of the Ohio Supreme Court's decision in *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, regarding the extent to which an injury must be intended.

While there is no transcript of the trial proceedings or statement of the evidence below, the following facts are undisputed. Eric Gordon struck Aaron Dawson on the head with a metal "club-like" object. Dawson died as a result of this single blow to his head. The club, appellee's counsel explained in oral argument, was "just that, a club," designed for use as an anti-theft device to lock an automobile steering wheel.

The administrator of Dawson's estate, Susan Horvath (plaintiff-appellee), made a claim against the homeowners' insurance policy which Gordon's parents maintained with defendant-appellant, Nationwide Mutual Fire Insurance Company. Appellant refused coverage on the ground that the policy expressly excludes bodily injury which is intended or expected by the insured. Thereafter, appellee brought this lawsuit, and both parties filed motions for summary judgment.

Appellee's motion alleged that the injury was not intended and that the insurance claim could not be excluded from coverage. In support of her motion, appellee attached both Nationwide's and Eric Gordon's responses to her requests for admission. Appellee relied, in particular, on Gordon's statement that he did not intend or expect Dawson's death. Additionally, appellee attached the transcript of Eric Gordon's testimony taken during his sentencing proceeding. Apparently, Gordon had pled guilty to negligent homicide. In his sentencing testimony, Gordon testified that he did not intend or expect to kill anyone but that he knew someone was behind him when he swung his body around with the metal club in his hands.

Appellant, Nationwide, argued, in its cross-motion for summary judgment, that it was entitled to judgment because the nature of the insured's conduct was such that the injury was intended or at least substantially certain to occur. The proper focus, appellant argued, was not the tortfeasor's self-serving statements denying intent to cause Dawson's death but, rather, the tortious conduct itself and whether, based upon that conduct, injury was intended or substantially certain to occur. According to appellant, the exclusion applies because the injury was substantially certain to occur.

The trial court denied both motions, finding triable issues both with respect to intent to cause the act and intent to cause the injury. The case proceeded before a jury. The jury found in favor of appellee. Four interrogatories were submit-

ted, and the jury specifically found that the insured did not intend or expect to cause the injury to or death of Aaron Dawson.

On appeal to this court, appellant raises the following two assignments of error:

I. "The trial court erred in denying defendant-appellant's motion for summary judgment.

II. "The trial court erred in instructing the jury on the meaning of the term 'expected' as it applied to the intentional acts exclusion clause in the Nationwide insurance policy."

Appellant's first assignment of error challenges the trial court's denial of its motion for summary judgment. While error in denying a motion for summary judgment is rendered moot or harmless where a subsequent trial on the same issues demonstrates that there were genuine issues of fact supporting a judgment for the party opposing the motion, the error is not harmless where the denial is predicated upon a pure question of law. *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615. For reasons more fully explained below, we conclude that appellant was held to an incorrect burden of proof and that, consequently, a review of the merits of its motion for summary judgment is appropriate.

Key to the trial court's decision and the matter here is the Ohio Supreme Court's decision in *Swanson.* We conclude that the law as stated therein requires the insurance company to show that the injury was intentionally inflicted or substantially certain to occur before coverage may be excluded under the intentional-acts exclusion. It is not sufficient to merely show that the act was intentional. *Id.*

We feel it to be reasonable to apply the law of *Swanson* to the facts shown here in the following manner: Here, the insured hit a person on the head with an iron club during a fight. The blow to the head was with such force that it fractured the victim's skull and created a hole large enough that the brains seeped out. While the trial court, in ruling on appellant's motion for summary judgment, cited *Swanson* and held that appellant had the burden of showing that the insured intended the injury that resulted from the act, we do not believe that the law in *Swanson* goes so far as to require the insurer to prove that death was intended. The insurer does not need to prove the crime of murder in order for the intentional acts exclusion to apply. It was error therefore to require appellant to demonstrate that the insured intended to cause death.

Upon reviewing appellant's motion for summary judgment in a manner consistent with our holding above, we hold that reasonable minds could only conclude that both the act and injury were intended. That the act was intended is

apparently not in dispute. As required under *Swanson,* the injury was also intended. Hitting a person's head with a metal club with enough force to cause the victim's brains to flow out certainly tends to show an intent to do physical harm. Appellee's evidence of the insured's statement that he did not intend or expect death does not rebut this. Even construing the evidence most strongly in appellee's favor, we conclude that the intentional-act exclusion applies and appellant is entitled to judgment.

Appellant's first assignment of error is sustained.

In its second assignment of error, appellant claims the trial court erroneously instructed the jury on the meaning of "expected" as it applied to the policy's intentional acts exclusion clause. Unfortunately, there is no transcript or record of the trial court's instructions. Absent proof in the record, this court must presume the correctness of the trial proceedings. *State v. Brown* (1988), 38 Ohio St.3d 305, 314, 528 N.E.2d 523, 535, fn. 4. In any event, our disposition of the first assignment of error renders this matter moot.

Appellant's second assignment of error is overruled.

Appellee has filed a notice of cross-appeal conditioned upon this court's favorable resolution of appellant's appeal. She raises the following single assignment of error:

"The trial court erred in failing to grant Susan Horvath's motion for summary judgment."

In essence, appellee alleges that reversal of the trial court's denial of appellant's motion for summary judgment necessarily involves a weighing of the credibility of the evidence. While appellee presented evidence that the insured did not intend to cause Dawson's death, appellee did not produce evidence that the insured did not intend to cause the physical injury. There was no weighing of the evidence. As noted above, intent to cause death is not the appropriate standard.

Appellee's cross-appeal is overruled.

Appellant's first assignment of error is sustained, appellant's second assignment of error is overruled, and appellee's cross-appeal is overruled. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DESHLER and CLOSE, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.