QUIRK, Appellant,

v.

DOW CHEMICAL COMPANY et al., Appellees.

[Cite as *Quirk v. Dow Chem. Co.* (1996), 115 Ohio App.3d 131.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–96–19.

Decided Oct. 30, 1996.

*Brian W. Harter*, for appellant.

*Thomas J. Gibney* and *Margaret A. Mattimoe*, for appellee Dow Chemical Company.

*Betty D. Montgomery*, Attorney General, and *Patsy A. Thomas*, Assistant Attorney General, for appellee, Administrator, Bureau of Workers' Compensation.

HADLEY, Presiding Judge.

This is an appeal from the Hancock County Common Pleas Court judgment granting partial summary judgment to Dow Chemical Company ("appellee").[1] The court, in granting the motion, found that Sharon D. Quirk ("appellant") was barred from pursuing a shoulder claim in court because such a claim had not been previously adjudicated by the Industrial Commission.

Appellant was employed at Dow Chemical Company, where she worked at several positions including Finished Quality Assurance Technician, Finished Films Production Technician, Films Department Operating Technician, and Senior Operating Technician. Each of these jobs required substantial repetitive pushing, pulling, and lifting with her arms, wrists, and hands.

During the summer of 1994, appellant began experiencing pain and numbness in both arms, wrists and hands. Consequently, appellant went to a doctor and, after undergoing a nerve conduction study, was diagnosed with bilateral carpal tunnel syndrome.

In October 1994, appellant completed an OD–1–22 application for workers' compensation benefits, alleging the nature of her disease as "carpal tunnel syndrome" and the part of her body that was affected as "both wrists." Appel-

---

1. Appellee filed a summary judgment motion seeking to dismiss appellant's workers' compensation appeal for her alleged bilateral carpal tunnel syndrome and shoulder injury. The court granted the motion in part as to appellant's shoulder claim.

lant did not submit a claim for injury, nor did she allege either an injury or disease involving either shoulder.[2]

Appellant's workers' compensation claim for carpal tunnel syndrome was denied throughout the administrative process. Due to the fact that appellant had never requested the shoulder injury on her OD–1–22 claim, the district hearing officer refused to consider that part of appellant's claim. The denial of appellant's claim was affirmed without further comment at the staff level and the Industrial Commission refused a final administrative appeal.

On August 28, 1995, appellant subsequently filed her notice of appeal and petition with jury demand in the Hancock County Common Pleas Court requesting workers' compensation benefits for her claims of bilateral carpal tunnel syndrome and a left rotator cuff tear. Prior to the trial, the trial court granted appellee's summary judgment motion, thereby denying appellant the right to appeal her shoulder injury at the trial court level.[3] The trial court ruled that it had no jurisdiction over the issue of the shoulder injury since the injury was not first considered and decided by the Industrial Commission.

Appellant subsequently filed this appeal based on the trial court's granting appellee's summary judgment motion, thereby dismissing her left shoulder claim. As the basis for her appeal, appellant asserts the following two assignments of error.

Assignment of Error No. 1

"The trial court erred in granting defendant-appellee's motion for summary judgment in ruling that plaintiff-appellant was proceeding on a separate new cause not first considered by the Commission."

An employee who has sustained a work-related injury must file a claim for benefits with either the Bureau of Workers' Compensation or the Industrial Commission. R.C. 4123.51. After investigating the employee's claim, the Administrator of the Bureau of Workers' Compensation must then issue an order allowing or disallowing the claim, and the claimant or the employer can appeal that order to a district hearing officer. R.C. 4123.51.1(B)(1). If the claimant or the employer is dissatisfied with the district hearing officer's order, they can appeal the decision to a staff hearing officer of the Industrial Commission. R.C. 4123.51.1(C). The staff hearing officer's order, in turn, must be appealed to the

---

2. Appellant was subsequently diagnosed with a left rotator cuff tear in her shoulder in addition to her carpal tunnel syndrome prior to her administrative hearing.

3. Appellant was permitted to proceed on her carpal tunnel syndrome appeal. On that claim, a jury found that appellant was not entitled to participate in the Ohio Workers' Compensation Fund.

Industrial Commission. R.C. 4123.51.1(D). The commission may hear and decide the appeal from the staff hearing officer's order or refuse to hear it altogether. R.C. 4123.51.1(E). The claimant or the employer may then appeal an adverse decision of the Industrial Commission, other than a decision as to the extent of disability, to the court of common pleas. R.C. 4123.51.2(A).

Appellant contends that her shoulder claim was raised and defended throughout the administrative process as part of her bilateral carpal tunnel syndrome claim. At the administrative level, appellant proffered medical evidence regarding both her carpal tunnel syndrome and shoulder injuries.[4] Although the commission declined to decide the issue of her shoulder condition,[5] appellant maintains that her shoulder claim was nevertheless raised and defended at the administrative level and, thus, is properly appealable to a court of common pleas under R.C. 4123.51.2(A).

■ The Ohio Supreme Court has held that "an Industrial Commission decision is appealable if the decision is a final denial or grant of compensation for a particular claim." *State ex. rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 240, 594 N.E.2d 609, 612. In the case *sub judice*, the Industrial Commission made a final denial of compensation on appellant's bilateral carpal tunnel syndrome claim. Therefore, appellant was entitled to appeal her right to participate in the Workers' Compensation Fund to the court of common pleas pursuant to R.C. 4123.51.2.

Appellee maintains that since the commission declined to consider the shoulder injury, appellant is barred from appealing that issue in the trial court.[6] In deciding whether appellant is barred from appealing her shoulder condition, we initially note that under R.C. 4123.51.2, a trial court must "determine the right of the claimant to participate or to continue to participate in the fund" upon an appeal from a decision by the Industrial Commission. *Id.* Therefore, the sole issue before the trial court was whether appellant is entitled to participate in the Workers' Compensation Fund.

■ Appellant, throughout the administrative level as well as at the trial court level, consistently maintained that both her bilateral carpal tunnel syndrome and

---

4. The Industrial Commission's decision on January 4, 1995 noted that appellant had presented the testimony of her surgeon, Dr. Havens, as well as that of Dr. Scheibly during her hearing.

5. The January 4, 1995 order stated that the shoulder injury was never requested by appellant prior to the hearing and, therefore, the hearing officer declined to consider the injury as part of appellant's bilateral carpal tunnel syndrome claim.

6. Appellee concedes that appellant was entitled to appeal her bilateral carpal tunnel syndrome claim.

her shoulder injury entitled her to participate in the Ohio Workers' Compensation Fund.[7] Although the district hearing officer ultimately declined to decide whether appellant was entitled to workers' compensation benefits for her shoulder injury, he did allow appellant to introduce medical evidence regarding both her shoulder condition and her bilateral carpal tunnel syndrome at her hearing. Consequently, we find that appellant's shoulder injury had been previously raised at the administrative level and, therefore, the trial court could consider appellant's additional claim for compensation for her shoulder injury as part of her appeal from the commission's denial of compensation for her bilateral carpal tunnel syndrome claim.

Moreover, a motion for summary judgment is proper where "(1) there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47, 8 O.O.3d 73, 74.

■ At the trial court, conflicting evidence was offered by both sides as to whether appellant had sustained an injury that entitled her to participate in the Workers' Compensation Fund.[8] Therefore, we hold that there are genuine issues of material fact as to whether appellant suffered a shoulder injury in the course of her employment with appellee that would entitle her workers' compensation. Thus, we find that the trial court erred in granting summary judgment. Accordingly, appellant's first assignment of error is sustained.

Assignment of Error No. 2

"The trial court erred in granting Defendant–Appellee's motion for summary judgment since her claim is a de novo appeal provided by the legislature in O.R.C. 4123.512."

■ An appeal from an order by the industrial commission to a court of common pleas is provided for by R.C. 4123.512, which states as follows:

"The claimant or the employer may appeal a decision of the industrial commission * * * to the court of common pleas * * * The court, or the jury under instructions of the court if a jury is demanded, shall determine the right of

---

7.  Appellant maintains that the bilateral carpal tunnel syndrome and the left rotator cuff tear were caused as a result of her employment with appellee.

8.  Both sides tendered medical testimony with conflicting opinions as to the causal connection between appellant's injuries and her employment.

the claimant to participate or to continue to participate in the fund upon the evidence adduced."

Ohio courts have consistently held that a workers' compensation appeal to a court of common pleas under R.C. 4123.512 is a *de novo* appeal. See *State ex rel. Federated Dept. Stores, Inc. v. Brown* (1956), 165 Ohio St. 521, 60 O.O. 486, 138 N.E.2d 248, paragraph two of the syllabus; *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 71, 11 OBR 315, 315–316, 464 N.E.2d 133, 134; *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 42, 16 OBR 520, 523–524, 476 N.E.2d 658, 662–663; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 26, 584 N.E.2d 1175, 1178–1179. Moreover, "[a] de novo trial entails an independent judgment on the issues of fact and law and a trial of *all issues raised* as if the [agency] had not already heard and determined the same issues." (Emphasis added.) *In re Joint Cty. Ditch* (1978), 60 Ohio App.2d 410, 413, 14 O.O.3d 427, 429, 398 N.E.2d 570, 573.

Appellant maintains that under the theory of *de novo* review, she has the right to assert an additional injury in the common pleas court that has not been previously litigated before the commission. As we noted in *Williams v. Harsco Corp.* (1994), 94 Ohio App.3d 441, 640 N.E.2d 1193:

"The authority under R.C. 4123.519 [9] for the parties to take depositions and to file them subsequently in the common pleas court suggests that the legislature contemplated that new issues might well surface during the discovery process and, as a matter of judicial economy, intended to allow their adjudication during the trial *de novo.*" *Id.* at 447, 640 N.E.2d at 1196–1197, citing *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 82, 619 N.E.2d 1165, 1169–1170.

In *Williams,* the appellant sought to amend her complaint in the trial court after she had legitimately raised an issue as to the new conditions before the commission. Similarly, the appellant in the case *sub judice* also legitimately raised the issue as to her shoulder injury at her hearing before the commission. Accordingly, on the basis of our reasoning in *Williams,* we find that the trial court erred in granting summary judgment to appellee. Appellant had previously raised the issue before the commission and therefore, was entitled to a hearing before the trial court as genuine issues of material fact existed as to whether or not appellant was entitled to participate in the Workers' Compensation Fund.

Accordingly, appellant's second assignment of error is found to be well taken. The judgment of the Hancock County Court of Common Pleas is reversed, and

---

9. R.C. 4123.519 has been amended and renumbered as R.C. 4123.512.

the cause is remanded for further proceedings in accordance with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.