**WEIN, Appellant,**

v.

**SEAMAN CORPORATION et al., Appellees.**

[Cite as *Wein v. Seaman Corp.* (1996), 116 Ohio App.3d 189.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 96CA0024.

Decided Nov. 19, 1996.

*F. Christopher Oehl,* for appellant Adam Wein.

*Craigg E. Gould,* Assistant Attorney General, for appellants Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Roetzel & Andress* and *Robert Blackham,* for appellee.

---

BAIRD, Presiding Judge.

Plaintiff-appellant Adam Wein and the Ohio Bureau of Workers' Compensation ("BWC") present this appeal from the judgment rendered in the Wayne County Court of Common Pleas. The trial court ruled that Wein was not entitled to partial summary judgment regarding an injury suffered in the course of his employment with Seaman Corporation, and that Wein was required to prove the injury to a jury. We reverse.

Wein claimed he was injured while dumping a drum of trash on April 22, 1994. He applied for medical and compensation benefits at that time. Seaman certified the claim to the BWC and never contested Wein's claim or appealed the BWC's determination that Wein was entitled to coverage.[1] BWC allowed the claim, and Wein received disability compensation.

On November 16, 1994, Wein requested that his claim be modified to include compensation for an additional injury.[2] Seaman did not certify this amended

---

1. Coverage on the first claim was awarded for lumbosacral strain and radicular neuralgia.

2. The amended claim requested coverage for a herniated disc and aggravation of a previously existing degenerative disc disease.

claim, but contested it.[3]  A BWC hearing officer allowed this amended claim as well.  Seaman appealed this decision to the Industrial Commission, which denied the appeal.  On April 26, 1995, Seaman then appealed the decision of the Industrial Commission to the trial court pursuant to R.C. 4123.512.

In its appeal to the trial court, Seaman contested not only the Industrial Commission's allowance of Wein's amended claim, which had been filed on November 16, 1994, but also the allowance of Wein's original claim, filed on April 22, 1994.  Wein and the BWC moved for summary judgment, arguing *inter alia* that the allowance of the first claim was *res judicata*, that Seaman could no longer attack its validity, and that the trial court lacked jurisdiction to consider any appeal regarding that claim.  The trial court denied this motion, and held that Wein would be required to prove that his initial injury entitled him to benefits.  After a jury found in favor of Seaman on this issue, the trial court dismissed Wein's claim in its entirety.  Wein and the BWC filed this appeal, each asserting a single assignment of error.  Since the error alleged is the same, we consider them together.  Both argue that the trial court erred in denying Wein's motion for partial summary judgment with regard to the initial claim.

Wein's initial claim, for lumbosacral strain and radicular neuralgia, was certified by Seaman and allowed by the BWC district hearing officer in a decision rendered May 6, 1994.  R.C. 4123.511(B)(1) states that a party may appeal an order of the BWC awarding compensation "within fourteen days after the date of the receipt of the order."  R.C. 4123.511(L) states that "no appeal is timely filed under this section unless the appeal is filed within the time limits set forth in this section."

Thus, the statute mandates that an appeal from a decision awarding or declining to award compensation must be taken within fourteen days of receipt of the order.  The order awarding Wein compensation was issued on May 6, 1994.  Seaman does not dispute receipt of that order.  Seaman did not file an appeal of that order within fourteen days; in fact, Seaman never attempted to appeal that order until Wein's amended claim had been allowed.  Seaman first attempted to appeal the allowance of the initial claim in its appeal to the trial court filed on April 26, 1995, nearly one full year after Wein's initial claim had been allowed.

Seaman filed its appeal to the trial court pursuant to R.C. 4123.512.  That statute governs appeals taken from any "order of the Industrial Commission

---

**3.**  Though the claim is properly characterized as an amended claim, and not specifically a separate and distinct claim, the initial claim and the amended claim were the product of two separate and distinct decisions and orders rendered eleven months apart.  The parties have referred to them as the first claim and the second claim.  The thrust of Wein's argument is that the first decision (the first claim) may not be relitigated in the appeal of the second decision (the second claim.).

made under division (E) [or] * * * division (D) of section 4123.511 of the Revised Code." Both of those sections invoke action by the Industrial Commission "[u]pon the filing of a timely appeal of the order of the * * * hearing officer." In this case, in order to be timely, an appeal must have been filed within fourteen days of the order appealed from.[4] While Seaman timely appealed the order regarding Wein's *amended* claim, it did *not* timely appeal the order allowing his *initial* claim. Thus, Seaman did not properly invoke the jurisdiction of the trial court pursuant to R.C. 4123.512 with respect to the BWC's decision regarding Wein's first claim, since only a timely appeal (within fourteen days)[5] of the district hearing officer's decision to the appropriate administrative body, and a timely appeal from that body to the trial court, could have done so.

The Supreme Court of Ohio considered a similar issue in *State ex rel. Pepsi–Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 213–214, 648 N.E.2d 827, 830–831. The court reasoned that, where two separate claims are advanced, and no appeal is taken from the resolution of the first claim, *res judicata* bars relitigation of the first claim during an appeal of the second claim. In *Morse*, the worker had applied for wage-loss benefits, but had later returned to the workforce for another employer. Pepsi had not appealed the initial award of wage-loss benefits prior to Morse's return to the workforce, but did appeal the award for the period after his return. The court, ruling that Pepsi could appeal the order regarding the second period but not the first, stated:

"The commission's intervention effectively split the wage-loss question into two segments. * * * Pepsi pursued its administrative remedies as to the latter period, but not the former.

"Pepsi has, therefore, preserved its right to challenge claimant's wage loss over the [second period]. It cannot, however, relitigate claimant's entitlement to wage-loss compensation from [the first period]." *Id.*

The same rationale applies to the case *sub judice*. Where Wein was awarded compensation as a result of two separate decisions by the BWC, and Seaman appealed only the second of these awards, Seaman is barred from relitigating Wein's entitlement to the award for the initial claim.

---

4. The first claim was allowed pursuant to the order of a district hearing officer. Appeals from decisions of district hearing officers are governed by R.C. 4123.511(D).

5. Ohio Admin.Code 4123–3–18(A)(7) and (8) provide that an appeal may be filed within twenty days to another administrative body or within sixty days to the court of common pleas if the Industrial Commission declines to hear the matter. Inasmuch as no appeal was filed by Seaman regarding Wein's first injury claim until nearly a year had elapsed, these distinctions are irrelevant in this instance.

.

Seaman cites *Alcorn v. Spalding & Evenflo Corp.* (1992), 79 Ohio App.3d 561, 607 N.E.2d 904, in support of its position. In that case, a worker contended that "the trial court lacked jurisdiction because [the employer] had failed to preserve an issue for appeal." *Alcorn,* 79 Ohio App.3d at 566, 607 N.E.2d at 906. The court determined:

"[T]he common pleas court has jurisdiction to hear and determine the *timely* appeal by either the claimant or the employer * * * despite the fact that the party * * * did not seek the Industrial Commission's review * * *." *Id.* at 568, 607 N.E.2d at 908. (Emphasis added.)

*Alcorn* contemplates *de novo* review by the trial court of an order timely appealed from the Industrial Commission. In other words, new issues could be raised in an appeal to the trial court which were not raised during the course of the administrative appeal to the Industrial Commission, as long as the appeal was timely.

We find *Alcorn* inapposite to this case. Seaman did not file a timely appeal from the decision regarding Wein's initial claim. The only decision appealed was the decision to allow the amendment to the claim. Moreover, Seaman is not attempting to raise a new issue with respect to Wein's amended claim which was not previously raised, but is instead attempting to address the initial claim. Since Wein's entitlement to compensation for his amended claim is the only issue which Seaman timely appealed, *Alcorn* does not license Seaman to attack the decision awarding compensation for the initial claim, even though it may enable Seaman to raise in the trial court issues regarding the amended claim which were not raised during the administrative process. A decision on the merits of the amended claim is not dispositive of whether Wein was entitled to compensation for his initial claim; Seaman has already conceded that issue by failing to appeal that decision.

Seaman also relies upon *Stahl v. Cooper Tire & Rubber Co.* (Mar. 31, 1995), Hancock App. No. 5–94–35, unreported, 1995 WL 138846. That case interpreted *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 11 O.B.R. 315, 464 N.E.2d 133, and *Zuljevic v. Midland–Ross* (1980), 62 Ohio St.2d 116, 16 O.O.3d 140, 403 N.E.2d 986, as requiring *de novo* review of any claim appealed to the court of common pleas. However, a close reading of those cases discloses that the *Youghiogheny* court specifically stated that, while review of such appeals is indeed *de novo,* "[t]he appeal is initiated by filing a notice of appeal *pursuant to the requirements set forth in the statute* " (emphasis added), *Youghiogheny,* 11 Ohio St.3d at 71, 11 O.B.R. at 316, 464 N.E.2d at 134, while the *Zuljevic* court stated that "[s]uch an appeal is initiated by filing a notice of appeal *in accordance with the statute*" (emphasis added), *Zuljevic,* 62 Ohio St.2d at 118, 16 O.O.3d at 141, 403 N.E.2d at 987. Thus, both cases clearly contemplated *de novo* review

only in regards to decisions from which an appeal had been timely and properly commenced under the statute.[6] In neither of those cases had an appellant failed to properly appeal a decision by the administrative body, as is the case here.

In this case, Seaman failed to commence an appeal from the first decision involving Wein's initial claim in accordance with the statute. Therefore, the trial court was without jurisdiction to review, *de novo* or otherwise, that decision. While Seaman would be entitled to *de novo* review of the allowed amendments for herniated disc and aggravated degenerative disc disease, such review would not be extended to the original claims for lumbosacral strain and radicular neuralgia.

Accordingly, we find that the trial court erred in failing to grant Wein's motion for partial summary judgment. However, the matter proceeded to trial where it was resolved against Wein. Generally, errors in denying summary judgment are not reversible where the matter eventually proceeds to trial and is resolved in favor of the nonmoving party:

"We hold that any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 156, 642 N.E.2d 615, 619.

However, *Whittington* also stands for the following proposition:

"While error in denying a motion for summary judgment is rendered moot or harmless where a subsequent trial on the same issues demonstrates that there were genuine issues of *fact* supporting a judgment for the party opposing the motion, the error is not harmless where the denial is predicated upon a pure question of *law*." (Emphasis added.) *Horvath v. Nationwide Mut. Fire Ins. Co.* (1996), 108 Ohio App.3d 732, 735, 671 N.E.2d 638, 639.

The trial court decided a question of pure law, *i.e.*, whether or not it possessed jurisdiction over the issue.

It is likewise clear that where a trial court does not possess jurisdiction over the subject matter of a claim, its disposition of the claim is void *ab initio*. *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 665, 657 N.E.2d 820, 823. Moreover, the lack of subject matter jurisdiction may be raised for the first time on appeal. *Id.* In this case, the trial court was not vested with jurisdiction over the initial claim due to Seaman's failure to follow the statutory requirements for appealing that decision.

---

6. To the extent *Stahl* holds otherwise, we decline to adopt its rationale.

Accordingly, we hereby vacate the judgment of the trial court as it relates to the matters addressed in Wein's initial claim. The judgment of the trial court is reversed, and the matter is remanded to the trial court for a new trial on the issues contained in the second claim.

*Judgment reversed*
*and cause remanded.*

REESE and DICKINSON, JJ., concur.