OPINION
This timely appeal arises from a judgment of the Columbiana County Eastern Area Court awarding damages of $1689 to Lake Tomahawk Property Owners Association, Inc. ("Appellee") for unpaid association fees, plus interest. For the following reasons, we affirm the judgment of the trial court.
In early 1994, Shirley Smith ("Appellant") purchased lots 147, 148 and 152 in the Lake Tomahawk subdivision in northern Columbiana County, Ohio. Appellant purchased these lots at a sheriff's foreclosure sale for nonpayment of property taxes. The sheriff's deed on foreclosure did not state that the property was subject to restrictions. Restrictions were properly recorded in the earlier deed of the prior owner, as well as in the Columbiana County Plat Records, Plat Book Volume 9, Page 151, which contain the records of the Lake Tomahawk subdivision. The sheriff's foreclosure deed contained a reference to the specific volume and page of the plat book previously mentioned.
The deed restrictions pertinent to this appeal include the following items:
 "Each lot owner in Lake Tomahawk Subdivision shall be subject to an annual charge of $30.00, which he agrees to pay to Lake Tomahawk Property Owners Association, Inc., its successors and assigns, annually * * * for the maintenance and upkeep of the various areas reserved for the use of the property owners, irrespective of whether the privileges of using such areas are exercised or not.
 "Grantee agrees * * * to comply with all rules and regulations from time to time promulgated by said Association.
 "Grantee * * * further agrees that the charges as herein set forth shall be and constitute a debt which may be collected by suit in any court of competent jurisdiction or otherwise; * * *
 "* * * all persons owning residential lots in said Subdivision shall be members of said Association.
 "All of the restrictions, conditions, covenants or agreements contained herein shall continue until January 1, 1976. The same may be thereafter, and from time to time, changed, altered, amended or revoked in whole or in part by the owners of the lots in the subdivision whenever the owners of at least two thirds of the said lots so agree in writing."
(Jan. 25, 2000 Tr., Def. Exh. B and C).
Appellee assessed dues and other charges against Appellant in 1994 and 1995. Appellant paid those assessments. There is some question in the record as to the amount paid in 1994. The 1995 charges amounted to $510, including $30 for dues. Appellant was assessed $521 in 1996, $565 in 1997, and $638 in 1998. Appellant did not pay any portion of the assessment for these three years.
On March 19, 1999, Appellee filed a complaint in the small claims division of the Columbiana County Court, Eastern Division, for the collection of unpaid dues. The case was transferred to the regular civil docket on March 19, 1999. Appellant filed a motion seeking summary judgment on August 30, 1999. Appellee filed its own motion asking for partial summary judgment on October 1, 1999. The trial court overruled Appellant's motion and granted partial summary judgment to Appellee. The trial court determined that Appellant was a member of Appellee's association by virtue of the deed restrictions and awarded $90 to Appellee. The court did not resolve the remaining dispute involving dues in excess of $30 per year because of unresolved issues of material fact.
The matter was heard at a bench trial on January 25, 2000. The trial court filed its decision on April 20, 2000. The court held that Appellee had authority to assess dues in excess of $30 per year under the authority of its Code of Regulations and that Appellant was liable to Appellee for $1689, plus interest, in unpaid dues and assessments. Appellant filed this timely appeal on May 18, 2000.
Appellant's first assignment of error asserts:
 "The trial Court Erred In Denying Defendant-Appellant's Motion for Summary Judgment."
The standards for reviewing the denial of a summary judgment motion are substantially different than those governing the review of a decision which sustains a motion for summary judgment. "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the judgment was made." ContinentalIns. Co. v. Whittington (1994), 71 Ohio St.3d 150, 155. In contrast, when the denial of a summary judgment motion is predicated on a pure issue of law, and when that issue of law had some bearing on the ultimate outcome of the case, a denial of summary judgment may be reviewed by an appellate court. See Wein v. Seaman Corp. (1996), 116 Ohio App.3d 189, 194; FirstCapital Corp. v. G J Indus., Inc. (1999), 131 Ohio App.3d 106, 111.
One of the issues raised in Appellant's motion for summary judgment and also raised in this appeal was whether Appellant had actual knowledge of the deed restrictions. At trial, Appellant's counsel conceded that, "[t]he law in this jurisdiction is clear; [Appellant] is bound by the deed restrictions as properly recorded." (Jan. 25, 2000 Tr., 7). Appellant's position at trial abandoned the argument she made in summary judgment proceedings. An appellant cannot change the theory of the case and present new or abandoned arguments on appeal. Miller v. Wikel Mfg.Co., Inc. (1989), 46 Ohio St.3d 76, 78. Furthermore, Appellant's knowledge of the deed restrictions was an issue of fact resolved at trial, and is barred from consideration on appeal pursuant to ContinentalIns. Co., supra.
Appellant also argues her motion for summary judgment should have been granted because Appellee was limited to bringing a foreclosure action rather than a suit for damages. Whether Appellee was prohibited from bringing an action for damages is a purely legal question which would have affected the ultimate outcome of the case, and is reviewable by this Court. Questions of law are reviewed de novo on appeal. Ohio Bell Tel.Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147.
Appellant argues that Appellee was limited to the remedy of foreclosure on a statutory lien pursuant to R.C. § 5311.18(A), which states:
 "Unless otherwise provided by the declaration or bylaws, the unit owners association shall have a lien upon the estate or interest of the owner in any unit and the appurtenant percentage of interest in the common areas and facilities for the payment of the portion of the common expenses chargeable against the unit that remains unpaid for ten days after the portion has become due and payable. * * *"
R.C. § 5311.18 also provides for specific foreclosure proceedings on the statutory lien.
R.C. Chapter 5311 governs condominium property, but only condominium property which meets certain conditions. One of the conditions is the filing of a declaration pursuant to R.C. § 5311.02, which states:
 "Chapter 5311. of the Revised Code applies only to property that is specifically submitted to its provisions by the execution and filing for record of a declaration by the owner, as provided in this chapter."
There is no indication in the record that the parties are subject to a properly executed, filed and recorded declaration which would bind them to the provisions of R.C. Chapter 5311. Since this prerequisite is not met, we cannot conclude that Appellee was subject to the lien provisions of R.C. § 5311.18.
Furthermore, even if the parties were subject to R.C. § 5311.18, there is nothing in that provision which states that foreclosure on the statutory lien is the exclusive remedy of a condominium owner's association in attempting to collect unpaid association dues. A lien is not a debt. Rather, it is security for an underlying debt, and one can generally use any legal means to recover on a debt without affecting the status or priority of a lien securing that debt. Sun Finance Loan Co.v. Hadlock (1960), 171 Ohio St. 89, 90-91. Foreclosure on a lien is not an exclusive remedy unless made so by the legislature or by agreement of the parties. Kazmier v. Thom (1978), 63 Ohio App.2d 29, 31; Crandall v.Irwin (1942), 139 Ohio St. 253, 257-258. Appellant has not pointed to any statute or agreement which would limit Appellee to a foreclosure action as an exclusive remedy. For these reasons, we find that this assignment of error is without merit.
Appellant's second assignment of error asserts:
 "The Trial Court Erred In Granting Plaintiff-Appellee, As And Against The Manifest Weight Of The Evidence, Judgment Against Defendant-Appellant In The Amount Of $1689.00 As Association Dues."
Appellant first argues that there is no evidence to support that she owed anything beyond $30 per year to Appellee. Appellant does not support this argument with any specific reference to the record as to where or how an alleged error occurred at trial. If competent, credible evidence supports a trial court's judgment, a reviewing court will not reverse a trial court judgment as being against the manifest weight of the evidence. Vogel v. Wells (1991), 57 Ohio St.3d 91, 96; C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
Appellee submitted evidence at trial that it billed Appellant for dues of $521 in 1996, $565 in 1997 and $638 in 1998. The trial court disallowed $35 of the 1997 dues because Appellee failed to give proper notice of a capital improvement assessment. (April 20, 2000 J.E., 2). The balance of the dues for those three years was $1689, which is the amount awarded to Appellee. The record appears to support the trial court decision.
Appellant also argues that Appellee could not raise the $30 annual dues unless it was agreed-to in writing by two-thirds of the property owners. Appellant refers to a deed restriction which states:
 "All of the restrictions, conditions, covenants or agreements contained herein shall continue until January 1, 1976. The same may be thereafter, and from time to time, changed, altered, amended or revoked in whole or in part by the owners of the lots in the subdivision whenever the owners of at least two thirds of the said lots so agree in writing."
(Jan. 25, 2000 Tr., Def. Exh. C).
Appellant fails to recognize that Appellee also had authority, under its own Code of Regulations, to establish dues: "The Board of Trustees may determine from time to time the amount of initiation fee, if any, and annual dues payable to the association by the members." (Jan. 25, 2000 Tr., Def. Exh. E, Article XI, Code of Regulations). Appellant was automatically a member of Appellee's association by virtue of covenant 8 in the deed restrictions: "* * * all persons owning residential lots in said Subdivision shall be members of said Association." (Jan. 25, 2000 Tr., Def. Exh. B). Although Appellee did not have the power to unilaterally change the $30 fee imposed as a deed restriction, it could change its own dues independently of the deed restriction, and Appellant was obligated to pay those dues as a member of the association. It is irrelevant that two-thirds of owners never agreed in writing to change the $30 fee, because Appellee had an alternative basis for increasing the dues. Therefore, we find that Appellant's second assignment of error is also without merit.
Based on our foregoing analysis, we overrule both of Appellant's assignments of error, and affirm the judgment of the trial court in full.
Donofrio, J., concurs.
DeGenaro, J., concurs.