GRANT, Appellant,

v.

**OHIO DEPARTMENT OF LIQUOR CONTROL et al., Appellees.**

[Cite as *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900657.

Decided Jan. 29, 1993.

78

*E.S. Gallon & Associates* and *Glenda Morgan Hertzman,* for appellant.

*Lee Fisher,* Attorney General, and *Dianna K. Bond,* Assistant Attorney General, for appellees.

GORMAN, Presiding Judge.

Plaintiff-appellant, Theresa Grant, appeals from the trial court's order granting summary judgment in favor of the Industrial Commission of Ohio, and denying her claim for workers' compensation benefits. Her two assignments of error address the same issue—the common pleas court committed error when it restricted her appeal to a purely mental or emotional condition, which is not compensable. We agree.

On July 16, 1983, Grant, a clerk in a state liquor store, was the victim of an armed robbery. It was the second time within a year that she had been robbed at gunpoint on the job. On November 14, 1984, Grant filed her application for workers' compensation benefits, describing the nature of the injury as "Anxiety Reaction" to the "Mind." The district hearing officer denied her claim for the reason that Grant alleged a purely emotional condition without a contemporaneous physical injury, which is not compensable under R.C. 4123.01(C). The Dayton Regional Board of Review upheld the district hearing officer's finding and the Industrial Commission refused her appeal.

In her appeal to the Hamilton County Common Pleas Court, Grant's complaint alleged that she suffered "anxiety and depression" caused by the robbery. On January 15, 1987, an assistant attorney general deposed Grant. She testified that during the robbery she ripped her finger by removing a ring at the gunman's command, and then while attempting to open the door with the gun pointed at her back, she aggravated an injury to her arm and shoulder. Dr. Max L. Lurie, a psychiatrist who evaluated Grant on June 8, 1987, was deposed on December 16, 1987. He diagnosed Grant as having developed posttraumatic stress syndrome and a peptic ulcer as a result of the robbery.

On January 26, 1988, upon the evidence gathered in the depositions, Grant moved to amend her complaint to allege that in addition to her psychiatric condition she sustained a contemporaneous arm injury during the robbery, and subsequently, because of her psychiatric condition, she developed an ulcer. On February 23, 1988, the week before the scheduled trial date, the trial court overruled Grant's motion for leave to file an amended complaint. On August 6, 1990, the trial court granted the commission's motion for summary judgment.

In her first assignment of error, Grant contends that the common pleas court erred in denying her motion for leave to amend her complaint. Grant requested leave to recast her claim from a stress-related mental or emotional condition (mental-mental) to (1) a mental or emotional condition resulting from physical injuries to her arm and finger (physical-mental), and also (2) a physical injury manifested by an ulcer occasioned by her mental or emotional condition (mental-physical).

■ Entitlement to benefits by a claimant is determined by the statutes in effect on the date of the injury. *State ex rel. Kirk v. Owens–Illinois, Inc.* (1986), 25 Ohio St.3d 360, 361, 25 OBR 411, 412, 496 N.E.2d 893, 895. The events which are the basis for Grant's claim occurred before August 22, 1986, the effective date of the amendment to R.C. 4123.01(C), which now expressly excludes purely mental or emotional conditions that do not arise from a physical injury. Am.Sub. S.B. No. 307, 141 Ohio Laws, Part I, 718, 739. Neither is a mental-mental claim compensable where the claim is made for an occupational disease. *Rambaldo v.*

*Accurate Die Casting* (1992), 65 Ohio St.3d 281, 603 N.E.2d 975. This court is also in line with the other courts of appeals that have considered the issue, holding that a mental or emotional condition caused solely by job related stress was not compensable before the 1986 amendment. *Harover v. Norwood* (1988), 48 Ohio App.3d 312, 549 N.E.2d 1194, approved in *Rambaldo v. Accurate Die Casting, supra,* 65 Ohio St.3d at 285, 603 N.E.2d at 978, fn. 3. However, Ohio courts have long recognized a claimant's right to participate in the fund for mental or emotional disabilities resulting from a work-related contemporaneous physical injury. *State ex rel. Anderson v. Indus. Comm.* (1980), 62 Ohio St.2d 166, 16 O.O.3d 199, 404 N.E.2d 153, overruled on other grounds in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, followed in *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus. Likewise, in *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, a case predating the 1986 amendment to R.C. 4123.01(C), the Ohio Supreme Court determined that a heart attack caused solely by a mental or emotional stimulus is compensable without a contemporaneous "physical-contact injury" (resulting from "physical impact or trauma," *id.* at 409, 28 OBR at 464, 503 N.E.3d at 1381–1382). See Mental Stress and Ohio Workers' Compensation: When is a Stress–Related Condition Compensable? (1992), 40 Cleve. St.L.Rev. 35.[1]

The commission contends that Grant cannot raise new conditions in the common pleas court, not already raised in the administrative proceedings, and that the common pleas court did not have jurisdiction to receive evidence of injuries to her arm and finger or concerning the ulcer. The procedure for an appeal to the common pleas court of "a decision of the Industrial Commission or of its staff hearing officer" is prescribed in R.C. 4123.519:

"(C) * * * Further pleadings shall be had in accordance with the Rules of Civil Procedure * * *. The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate * * * in the fund upon the evidence adduced at the hearing of the action.

" * * *

---

1. Although appellate courts speak in terms of mental or emotional conditions related to a contemporaneous physical injury, in *Ryan v. Connor, supra,* the Ohio Supreme Court refers to claims for injuries resulting from "physical impact or trauma." If a claimant is the victim of an attempted rape in the course of her employment, where no penetration or physical injury occurred, can she assert a claim for posttraumatic stress syndrome under R.C. 4123.01(C)? The Ohio Supreme Court wrestled with, but did not decide, the issue in *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428, where the employee, a victim of sexual harassment, sustained no physical injury.

"(F) If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate in the fund, the commission and the administrator shall thereafter proceed in the matter of the claim as if the judgment were the decision of the commission, subject to the power of modification provided by section 4123.52 of the Revised Code."

■ An appeal from the Industrial Commission pursuant to R.C. 4123.519 is a *de novo* determination of both the facts and law. See *Afrates v. Lorain, supra.* The claimant is not limited to the record of the evidence presented at the Industrial Commission but may offer evidence in the common pleas court as in any civil action. As the trier of fact, the judge or the jury upon the evidence adduced at the hearing decides *de novo* a single issue of the claimant's right to participate in the fund without deference to the decision of the Industrial Commission. *Maitland v. St. Anthony Hosp.* (Oct. 3, 1985), Franklin App. No. 85AP–301, unreported, 1985 WL 10455; see *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 538–539, 602 N.E.2d 419, 420–422. In a *de novo* appeal to the common pleas court the findings of the Industrial Commission become "irrelevant," *Skerya v. Indus. Comm.* (1986), 30 Ohio App.3d 154, 155, 30 OBR 273, 274, 506 N.E.2d 1228, 1230, and unless the parties stipulate the evidence, it is error for the common pleas court to rely upon the evidence presented before the commission. See *Kiefer v. Daugherty* (Sept. 12, 1979), Crawford App. No. 3–78–15, unreported.

■ The several appellate districts that have concluded that a claimant's condition is precluded unless raised before the Industrial Commission do not focus on the nature of the *de novo* appeal provided by the legislature in R.C. 4123.519. *Dunn v. Mayfield* (1990), 66 Ohio App.3d 336, 584 N.E.2d 37; *Kaltenbach v. Mayfield* [2] (Apr. 27, 1990), Pickaway App. No. 89–CA–10, unreported, 1990 WL 54857; *Mull v. Jeep Corp.* (1983), 13 Ohio App.3d 426, 13 OBR 514, 469 N.E.2d 923 (Douglas, J., dissenting). Instead, these courts rely generally upon the judicially created rule that to permit a party to raise an issue for the first time in the common pleas court "would frustrate the statutory system for having issues raised and decided through the administrative process." *Mull v. Jeep Corp., supra,* at 428, 13 OBR at 515–517, 469 N.E.2d at 925–926. However, in *Mull,* the court also specifically noted that it was not extending this rule of preclusion to all evidentiary issues, but only to cases where the claimant attempts to convert a claim for injury under R.C. 4123.01(C) to a claim for an occupational

---

2. In *Kaltenbach v. Mayfield, supra,* the court relied on *Rummel v. Flowers* (1972), 28 Ohio St.2d 230, 235, 57 O.O.2d 467, 470–471, 277 N.E.2d 422, 426, for the proposition that under R.C. 4123.519 issues not raised at the administrative level cannot be advanced on appeal. *Rummel,* however, held that untimely filed claims, seeking additional compensation, involve the issue of extent of disability, which a court is without jurisdiction to consider on appeal.

disease under R.C. 4123.68(BB). Courts have also resorted to the judicially created doctrine of exhaustion of remedies.[3]

Rights under the Ohio workers' compensation system are conferred by Section 35, Article II of the Ohio Constitution, which delegates the exclusive power to the legislature to pass laws providing for injuries and occupational diseases occasioned in a worker's course of employment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. Under the right of appeal, created by the legislature in R.C. 4123.519, the only issue is "the right of the claimant to participate in the fund," see *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237–240, 602 N.E.2d 1141, 1144–1146. Accordingly, the commission's challenge to the common pleas court's jurisdiction relates to substantive rights created by the legislature, which a court cannot abridge, enlarge, or modify by fiat or by a judicially created rule. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266; *Alexander v. Buckeye Pipeline Co.* (1977), 49 Ohio St.2d 158, 3 O.O.3d 174, 359 N.E.2d 702.

In a trial *de novo* the issues "arise on the pleadings." R.C. 2311.01. The claimant's right to participate in the fund has no limitation under R.C. 4123.519, as Justice Douglas succinctly observed in his dissent in *Mull v. Jeep Corp., supra.* In determining the claimant's right to participate, any issues can be raised in the trial court except issues of extent of disability. *Alcorn v. Spalding & Evenflo Corp.* (1992), 79 Ohio App.3d 561, 607 N.E.2d 904 (involving the failure to seek commission review under R.C. 4123.516). No provision now expressly prohibits claims or issues raised for the first time by an amended complaint in the common pleas court. See *Smith v. Young* (1963), 119 Ohio App. 176, 26 O.O.2d 405, 197 N.E.2d 835 (finding that R.C. 4123.519 gave the common pleas court jurisdiction to hear evidence of an accidental occurrence that was not asserted before the commission). The authority under R.C. 4123.519 for the parties to take depositions and to file them subsequently in the common pleas court suggests that the legislature contemplated that new issues might well surface during the discovery process and, as a matter of judicial economy, intended to allow their adjudication during the trial *de novo.* Noteworthy, however, is the fact that to date, except for the restraints in cases involving the injury-versus-occupational-disease dichotomy, no appellate court has gone so far as to decide that a claimant can file for an entirely new and independent condition for the first time in the common pleas court. *Maitland v. St. Anthony Hosp., supra.*

---

**3.** This court's decision in *Walden v. Jet Window Cleaners* (Feb. 25, 1981), Hamilton App. Nos. C–790703, C–790712, unreported, 1981 WL 9655, cited by the commission, is distinguishable. In *Walden* the employer attempted to initiate a simultaneous appeal in the common pleas court after the commission's decision to conduct its own review of the regional board's decision. The effect was to circumvent the entire administrative process.

 Grant's physical-mental claim and mental-physical claim are both compensable, as long as the claimant can sustain her burden of proof. Therefore, the common pleas court abused its discretion in failing to allow Grant leave to amend her complaint. As provided in R.C. 4123.519, the pleadings are governed by the Ohio Rules of Civil Procedure. Under Civ.R. 15(A) a court should "freely" allow leave to amend. The purpose of this provision is that cases will be decided on their merits rather than on procedural technicalities. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377; *Deitrick v. Ohio Bur. of Workers' Comp.* (1991), 72 Ohio App.3d 567, 595 N.E.2d 513. Correspondingly, the policy of liberal amendment under Civ.R. 15(A) must be viewed by the court in light of the legislature's policy of liberal construction of the Workers' Compensation Act in favor of the employee claimant in R.C. 4123.95. Although denial of leave is within the sound discretion of the trial judge, absent evidence of bad faith, undue delay or undue prejudice, a party's motion for leave to amend is to be granted under the liberal amendment policy of Civ.R. 15(A). *Hoover v. Sumlin, supra,* 12 Ohio St.3d at 5–6, 12 OBR at 4–6, 465 N.E.2d at 381.

The Ohio Supreme Court's definition of "abuse of discretion" contemplates an attitude that is unreasonable, arbitrary, or unconscionable. Noting that abuse of discretion usually involves decisions that are unreasonable rather than arbitrary or unconscionable, the Supreme Court has defined "unreasonable" as having "no sound reasoning process that would support that decision." *AAAA Enterprises, Inc. v. River Place Community Urban Dev. Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601; see, also, *Eckert v. Jacobs* (Nov. 25, 1992), Hamilton App. No. C–910445, unreported, 1992 WL 355448. The trial court did not state its reasons for its order denying Grant's motion. It implicitly relied upon the erroneous jurisdictional arguments made by the commission in its memorandum. Therefore, the common pleas judge's reasoning process was flawed in all respects and amounted to an abuse of discretion. The effect was to deprive Grant of her right to have her claims adjudicated in accordance with her right of appeal provided by R.C. 4123.519.

 Grant further asserts that exclusion of mental-mental claims from the workers' compensation system violates the Equal Protection Clauses of the United States and Ohio Constitutions. She argues that no rational basis exists for disparate treatment of the class of mental-mental claimants in furtherance of a legitimate governmental interest. See *Morris v. Savoy* (1991), 61 Ohio St.3d 684, 576 N.E.2d 765. Grant neglected to raise this issue in the common pleas court. Constitutional issues, not raised during administrative proceedings, are not waived, because constitutional issues cannot be determined administratively. *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 26, 67 O.O.2d 38, 39–40, 309 N.E.2d 900, 902. However, in an appeal from a trial court, unless the

violation involves a fundamental right, a constitutional issue cannot be reviewed without first having been raised in the trial court. *State ex rel. Specht v. Oregon City Bd. of Edn.* (1981), 66 Ohio St.2d 178, 20 O.O.3d 191, 420 N.E.2d 1004; *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, vacated in part (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156.

In her second assignment of error, Grant contends that because she was unable to amend her complaint to allege a physical-mental claim and a mental-physical claim under Civ.R. 56, the summary judgment was also error. Summary judgment is a procedural device used to dispense promptly with factually groundless claims. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–2555, 91 L.Ed.2d 265, 276. Although Civ.R. 56 does not require the moving party to introduce evidence to refute the nonmoving party's claim, the moving party on the record must demonstrate the absence of a genuine issue of material fact, which entitles it to judgment as a matter of law. In construing the evidence in favor of the nonmoving party as the rule requires, the trial court cannot assume the role of a factfinder by assessing credibility, weighing the evidence, or drawing inferences in reaching its decision that reasonable minds can come to but one conclusion, adverse to the nonmoving party. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In her uncontradicted deposition, Grant submitted evidence of her contemporaneous physical injury, which was coupled with the opinion of her psychiatrist that her posttraumatic stress syndrome was occasioned by the injury sustained in the second robbery. Under the test in *Ryan v. Connor, supra,* there is, likewise, evidence that her alleged emotionally caused ulcer resulted from a greater emotional strain than that to which all workers are occasionally subjected. These are not mental-mental claims based solely on job-related stress.[4] The posttraumatic stress syndrome diagnosed by Dr. Lurie was not, as the commission contends, an attempt to raise a new condition in the common pleas court. Despite the new allegation that the condition was caused by a contemporaneous physical injury, the claim continued to be for posttraumatic stress syndrome, the same condition she asserted at the Industrial Commission. See *Dunn v. Mayfield, supra.* By contrast, her mental-physical claim for her ulcer may entitle

---

4. Arguably, in theory psychiatric conditions that can be objectively identified and traced to a startling event are included in the definition of "injury" under R.C. 4123.01(C). They are unlike mental conditions arising from anxiety, pressure, and worry from job-related stress with causal connection attributable to a variety of sources. In defining "injury" the legislature did not use the word "physical" in R.C. 4123.01(C). The startling event of an armed robbery is easily identifiable and medically traceable as a mental condition "caused by external accidental means."

Grant to an additional allowance for a "flow through" condition caused by posttraumatic stress syndrome pursuant to the commission's continuing jurisdiction under R.C. 4123.52. Assuming the facts show that notice to the commission was timely given within two years of when Grant knew or should have known of the ulcer pursuant to R.C. 4123.84, we hold that the claim is not barred. See *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909.

For these reasons, Grant's assignments of error are well taken. The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SHANNON and UTZ, JJ., concur.