OPINION
Plaintiff-appellant John Hapgood ("appellant") appeals from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendants-appellees the Administrator of the Bureau of Workers' Compensation and the Industrial Commission of Ohio following the denial of his workers' compensation claim.
On January 24, 1997, appellant filed an appeal from the decision of the Bureau of Workers' Compensation, denying appellant the right to participate in the Workers' Compensation Fund. Appellant claimed he was injured while employed by Trumbull County.
On October 7, 1999, the Administrator of the Bureau of Workers' Compensation and the Industrial Commission filed a motion for summary judgment. In the motion, the defendants stated that appellant's claim for "bulging disc S1, nerve compression left" was premised on a January 2, 1993 incident. Appellant was discharged from his employment as a firefighter for the city of Warren as a result of filing a claim falsely asserting he was injured in the course of his employment. Appellant filed a grievance with the union because of his dismissal. The arbitrator upheld appellant's dismissal, finding appellant lied about injuring himself at work. The defendants maintained appellant's workers' compensation appeal was precluded by collateral estoppel because of the arbitration. The defendants argued that the arbitrator's decision was final and binding on the parties.
Earlier, appellant had filed a retaliatory discharge claim in the court of common pleas. This court upheld the grant of summary judgment in favor of the defendant in Hapgood v. Warren[1]. This court held the doctrine of collateral estoppel precluded appellant from bringing the cause of action, because the arbitration proceeding and the retaliatory discharge claim involved the same falsified workers' compensation application.
Appellant countered the defendant's motion for summary judgment by contending that collateral estoppel was not applicable, because the appeal before the court of common pleas involved the merits of his workers' compensation claim and not any falsification of that claim. Appellant asserted that he needed to prove he was injured during the course and scope of his employment and not whether his termination was lawful. Appellant argued the issue before the court of common pleas was not identical to the earlier arbitration proceedings. Appellant further argued that the parties were not identical because the Industrial Commission and the Bureau of Workers' Compensation were not parties to the arbitration or the retaliatory discharge action.
The trial court granted the Industrial Commission's motion to dismiss. R.C. 4123.512 provides that the court shall make the Commission a party upon the application of the Commission. The Commission did not make an application to be a party in the action. The trial court also granted the defendants' motion for summary judgment. Appellant has appealed from this judgment.
On April 5, 2001, this court remanded the case to the trial court after determining the appeal was not based on a final appealable order. Defendant, the city of Warren, did not file a motion for summary judgment and remains a party below. On April 17, 2001, the trial court issued a nunc pro tunc judgment entry stating there was no just cause for delay. Pursuant to Civ.R. 54(B), the appeal is now properly before this court.
Appellant assigns the following error for review:
 "Appellant is not precluded by the doctrine of collateral estoppel from pursuing a workers' compensation claim."
In his sole assignment of error, appellant contends the trial court erred in determining collateral estoppel barred him from participating in the workers' compensation fund. Appellant asserts that the elements of collateral estoppel have not been met. First, appellant claims the parties are not identical because the Bureau of Workers' Compensation and the Industrial Commission were not parties to the earlier actions. Appellant further argues that the same facts needed to determine his right to participate in the workers' compensation fund are not the same as were necessary for the resolution of the retaliatory discharge cause of action or the wrongful termination pursuant to a collective bargaining agreement. Appellant maintains the issues are not identical.
This case was decided by summary judgment. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try.[2] Doubts must be resolved in favor of the nonmoving party.[3] Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. The nonmoving party is entitled to have the evidence construed most strongly in his or her favor.[4]
A party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.[5] The moving party has the burden even with regard to issues for which the plaintiffs would have the burden of proof should the case go to trial.[6] Once a party has satisfied this initial burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact to be resolved at trial.[7] A "material" fact is one affecting the outcome of the suit under the applicable substantive law.[8]
When reviewing a summary judgment case, appellate courts apply a de novo standard of review.[9] A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.[10]
Appellant has not appealed the dismissal of the Industrial Commission. Therefore, the dismissal of the Industrial Commission is a final judgment. The appeal will proceed with only the Bureau of Workers' Compensation as the appellee.
Collateral estoppel bars a party from relitigating a fact or point that was actually and directly at issue in a previous action if that fact or issue was passed upon and determined by a court of competent jurisdiction.[11] The issue at hand is whether the earlier administrative hearing or the retaliatory discharge claim bars appellant from pursuing a workers' compensation claim. The earlier arbitration determined that appellant's dismissal from the fire department was lawful. The retaliatory discharge claim was barred by collateral estoppel. The instant case involves appellant's right to participate in the workers' compensation fund.
An appeal to the court of common pleas pursuant to R.C. 4123.512
contemplates a full and complete de novo determination of facts and law.[12] The plaintiff is not limited to the record presented to the Industrial Commission but may offer evidence the same as in any civil action.[13] As the trier of fact, the judge or jury, upon the evidence adduced at the hearing, decides de novo the single issue of the plaintiff's right to participate in the fund without deference to the commission's decision.[14] The determination before the court of common pleas is based upon the evidence presented during the de novo trial, and not that given at the earlier proceeding.[15] Further, an allegedly injured worker may raise additional issues at the trial court, which were not raised before the Industrial Commission.[16] The only issue before the court of common pleas is the right of the claimant to participate or continue to participate in the workers' compensation fund.[17]
The issue before the trial court was appellant's right to participate in the workers' compensation fund. Appellant has the right to present new evidence or issues to the trial court, which were not considered by the arbitrator. Further, the arbitrator's determination that appellant falsified his workers' compensation claim is given no deference by the trial court when considering whether appellant is entitled to receive workers' compensation. The issue before the arbitrator was the lawfulness of appellant's termination, not his right to participate in Ohio's workers' compensation fund. Collateral estoppel is not a bar to appellant's claim for workers' compensation. Appellant's assignment of error has merit. The judgment of the Trumbull County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this opinion.
JUDITH A. CHRISTLEY, J., concurs in judgment only, DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] Hapgood v. Warren (Oct. 25, 1996), 11th Dist. No. 95-T-5355, 1996 Ohio App. LEXIS 4684.
[2] Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1.
[3] Davis v. Loopco Industries, Inc., 66 Ohio St.3d 64, 66,1993-Ohio-195.
[4] Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,1998-Ohio-389.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 293-294, 1996-Ohio-107.
[6] Vahila v. Hall, 77 Ohio St.3d 421, 1997-Ohio-259.
[7] Dresher, supra, at 293.
[8] Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301.
[9] Cole v. Am. Industries and Resources Corp. (1998),128 Ohio App.3d 546.
[10] Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829.
[11] Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.,81 Ohio St.3d 392, 395, 1998-Ohio-435.
[12] Robinson v. B.O.C. Group Gen. Motors Corp., 81 Ohio St.3d 361,1998-Ohio-432.
[13] Grant v. Ohio Dept. of Liquor Control (1993), 86 Ohio App.3d 76,81.
[14] Id.
[15] Marcum v. Barry (1991), 76 Ohio App.3d 536.
[16] Behrend v. Chi Chi's Inc., d.b.a. Chi Chi's Mexican Restaurants
(Nov. 27, 1998), 11th Dist. No. 97-L-259, 1998 Ohio App. LEXIS 5606.
[17] Afrates v. Lorain (1992), 63 Ohio St.3d 22, paragraph one of the syllabus.