DECISION
{¶ 1} Appellant, ATT Network Systems ("ATT"), appeals the decision of the Franklin County Court of Common Pleas entering judgment in favor of appellee, Roland Robinson, and denying appellant's motion for summary judgment, pursuant to the pleadings and stipulation of the parties.
 {¶ 2} On June 29, 1993, Robinson sustained an industrial injury while employed by ATT. In connection with that injury, Robinson filed a claim for workers' compensation benefits with the Industrial Commission of Ohio ("commission"). Assigned number L242403-22, Robinson's claim was originally allowed for "disc herniation L4-5 and L5-S1."
 {¶ 3} Subsequently, on November 6, 1998, Robinson filed a C-86 motion with the commission requesting that additional allowances for "post laminectomy syndrome" and "post-traumatic degenerative disc disease" ("DDD") be granted under his claim. On January 21, 1999, a District Hearing Officer ("DHO") partially granted the motion, ordering the allowance of Robinson's additional claim for post laminectomy syndrome. However, the additional allowance for post-traumatic DDD was denied. Robinson submitted an appeal of the order, which was heard by a Staff Hearing Officer ("SHO") on May 25, 1999. Therein, the SHO further denied the additional allowance for post-traumatic DDD, reiterating that Robinson failed to adequately establish that the condition resulted from his industrial accident.
 {¶ 4} On June 29, 1999, the commission refused to hear Robinson's appeal. Therefore, the SHO's decision of May 25, 1999, became a final appealable order denying Robinson the right to benefit from the workers' compensation fund for the condition of post-traumatic DDD. At that time, Robinson did not appeal the commission's decision to the common pleas court.
 {¶ 5} On September 23, 1999, Robinson filed a new C-86 motion with the commission, requesting that the claim be additionally allowed for "aggravation of pre-existing" DDD at L4-5, L5-S1. On November 8, 1999, the issue was presented to a DHO who allowed the claim. ATT then appealed the DHO's order; however, on December 21, 1999, an SHO agreed with the decision and affirmed the additional allowance. ATT then appealed the SHO's order to the commission, which refused to take further action. Hence, the SHO's decision granting Robinson an additional allowance for aggravation of pre-existing DDD stood as a final appealable order.
 {¶ 6} On March 3, 2000, ATT appealed that decision to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512. On March 21, 2000, Robinson responded by filing a "Petition/Complaint," in which he demanded judgment against ATT and asked to be permitted to continue his participation in the workers' compensation fund for the aggravation of pre-existing DDD. After collecting information through discovery, ATT moved for summary judgment on September 12, 2000. Therein, ATT argued that Robinson's current claim asserting aggravation of DDD was barred under principles of res judicata because he failed to appeal the 1998 claim within the court system after the commission denied it. Robinson filed a memorandum contra, to which ATT responded.
 {¶ 7} On June 18, 2002, the trial court journalized a decision and entry. Finding that the commission's decision primarily addressed a non-appealable issue of the extent of Robinson's disability, rather than the fundamental question of his ability to participate in the workers' compensation fund, the court sua sponte dismissed the appeal for lack of subject matter jurisdiction. On ATT's eventual appeal, this court reversed the trial court, held the dismissal to be erroneous, and remanded the case for further consideration. Robinson v. ATT Network Systems (Mar. 29, 2002), Franklin App. No. 01AP-817.
 {¶ 8} On remand, the issue before the trial court was whether it should grant ATT's original motion for summary judgment. Further, prior to presenting the case to the trial court, the parties stipulated that the court should enter a final judgment reflecting its disposition on the summary judgment motion. Simply stated, if the court granted ATT's motion, Robinson would not be entitled to participate in the workers' compensation system for the additional claim of aggravation of pre-existing DDD. Thus, the parties agreed to convert the prior pleadings into trial briefs on the merits and submitted the cause to the trial court.
 {¶ 9} On June 28, 2002, the trial court delivered its decision overruling ATT's motion for summary judgment and, accordingly, entered judgment in Robinson's favor. Therein, the court rejected ATT's characterization of Robinson's present claim for aggravation of pre-existing DDD as identical to the previously denied claim of post-traumatic DDD. Instead, the court adopted Robinson's assertion that, because the underlying facts necessary to establish a direct causation injury differed from those necessary to establish an aggravation injury, the issues in each claim are not sufficiently identical to invoke res judicata. Therefore, the court ultimately found that ATT was not entitled to judgment as a matter of law, thus rendering summary judgment inappropriate and that Robinson was entitled to participation based on his aggravation claim.
 {¶ 10} ATT now appeals the trial court's judgment and presents the following assignment of error:
 {¶ 11} "The trial court erred in finding that an unappealed prior final Industrial Commission decision that a claimant is not entitled to participate for a given condition by way of direct causation is no bar to a subsequent claim of entitlement for the same condition by way of aggravation."
 {¶ 12} In other words, ATT asserts that, because the two claims involve identical parties and issues stemming from the same industrial injury, the trial court erred in finding that res judicata did not bar Robinson's claim for aggravation of pre-existing DDD when he did not appeal the commission's earlier denial of the post-traumatic DDD claim. The crux of ATT's argument is that when Robinson declined to pursue an R.C. 4123.512 appeal of the original claim, where he could have presented the two arguments alternatively, he forfeited his opportunity to litigate a variant of the initial causation theory. We agree.
 {¶ 13} Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Consumers' Counsel v. Pub. Util. Comm. of Ohio (1985), 16 Ohio St.3d 9,10. The doctrine applies to administrative proceedings that are judicial in nature, such as claims before the commission, as they allow each of the parties an ample opportunity to litigate the issues implicated in the dispute. Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 263.
 {¶ 14} Furthermore, once a competent tribunal enters a valid, final judgment on the merits, res judicata acts as a complete bar to any subsequent action that arises from the same transaction or occurrence that was the core of the previous matter litigated by the parties. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Indeed, it applies not only to those claims and defenses actually litigated in the first dispute, but is conclusive as to any claim that may have been properly adjudicated. Id. at 382. State ex rel. B.O.C. Group v. Indus. Comm. (1991), 58 Ohio St.3d 199, 200. Therefore, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava, supra, at 382, quoting Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62.
 {¶ 15} The unique nature of an R.C. 4123.512 appeal is critical to our determination of this case. Specifically, "[a]n appeal from the Industrial Commission pursuant to R.C. 4123.519[1] is a de novo determination of both facts and law." Grant v. Ohio Dept. of Liquor Control (1993), 86 Ohio App.3d 76, 81; Coventry v. ATT Technologies, Inc. (Sept. 25, 1986), Franklin App. No. 86AP-313; Maitland v. Saint Anthony Hosp. (Oct. 3, 1985), Franklin App. No. 85AP-301. Therefore, neither party is limited to the evidence presented during previous administrative proceedings. Instead, a party "* * * may present such evidence pertinent to the issues raised by the petition as is material and relevant to the issue of the right of the claimant to participate * * * in the fund." Id.
 {¶ 16} In the case sub judice, there is no dispute that the separately asserted claims share the same parties, the same event of June 29, 1993, and the same injury-DDD affecting the L4-5, L5-S1 area of Robinson's back. The only distinguishing factor between the two claims is whether the accident directly caused, or served to aggravate, Robinson's DDD, i.e., whether it is "post traumatic" or "aggravation" of a pre-existing condition. However, advancing a new theory of causation is not tantamount to trying to prove a new injury. Bright v. E C Lyons (Sept. 30, 1993), Geauga App. No. 93-G-1753.
 {¶ 17} As such, it is apparent that the core of Robinson's claims is whether he should be permitted to participate in the workers' compensation fund for the specific injury of DDD as that injury relates to his employment. Robinson had the opportunity to thoroughly litigate that claim while pursuing his first motion by appealing the commission's decision to the common pleas court. There, he could have argued his entitlement to participation in the workers' compensation fund by presenting alternative theories of causation: (1) the accident directly caused DDD at L4-5, L5-S1, or (2) the accident aggravated his pre-existing DDD at L4-5, L5-S1. Unfortunately, no appeal was taken.
 {¶ 18} In sum, the commission's prior order denying Robinson's first motion represents a valid, final judgment of a court of competent jurisdiction. Thus, the issue of Robinson's ability to participate in the workers' compensation fund in connection with his DDD injury, regardless of its cause, has been fully argued and adjudicated. Robinson's current motion presents a claim that for all intents and purposes, is identical to that of the first. Consequently, the motion is barred by res judicata and ATT is entitled to summary judgment as a matter of law.
 {¶ 19} Accordingly, we sustain ATT's assignment of error and find the trial court erred in declining to find Robinson's claim barred by res judicata. The judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded to the common pleas court to enter judgment for ATT in accord with this decision.
Judgment reversed.
BOWMAN TYACK, JJ., concur.
[1] The current R.C. 4123.512 is the former R.C. 4123.519.