OPINION
{¶ 1} Defendant-appellant, James Lee Jacobsen, appeals from a Mahoning County Common Pleas Court, Domestic Relations Division decision overruling his motion to reduce/terminate spousal support.
 {¶ 2} Appellant and plaintiff-appellee, Charlene Jacobsen, were divorced on October 16, 2001, after approximately 23 years of marriage. The divorce decree ordered appellant to pay appellee $900 per month in spousal support retroactive to June 14, 2001, subject to further order of the court. Both parties agreed that appellant had a right to a review hearing on the issue, which he could request after December 31, 2001. The parties further agreed that if the court determined that an adjustment was warranted, the adjustment could be retroactive by either increase or decrease.
 {¶ 3} Appellant filed a motion to reduce or terminate spousal support on March 1, 2002. In the motion, he stated that he lost his job and was filing for unemployment compensation and that appellee had recently been promoted to a higher paying job. A hearing was held on appellant's motion on May 13, 2002, before a magistrate. The magistrate found that a reduction in spousal support was appropriate and reduced appellant's support payment to $250 per month.
 {¶ 4} Appellee filed objections to the magistrate's decision. The court held a hearing on the objections on September 26, 2002. At the hearing, appellee's counsel brought to the court's attention the fact that the magistrate had a potential conflict of interest. Apparently, the trial judge's father had represented appellant at some point during the parties' divorce proceedings and a visiting judge had presided over the divorce. Thus, appellee argued that the judge's magistrate should not have heard appellant's motion.
 {¶ 5} There is no judgment entry on the record of the court's ruling on appellee's objections. However, the court filed a journal entry setting the case "for a hearing de novo * * * relative to the modification of the existing spousal support order." This hearing took place December 12, 2002. The transcript of this hearing indicates that the court had already reversed and remanded the magistrate's decision and was now ready to proceed with appellant's motion to reduce or terminate spousal support as if hearing it for the first time. Both parties presented arguments. Appellee referred the court to the May 13th magistrate's hearing transcript. She alleged the transcript demonstrated that appellant's loss of employment was voluntary, thus he was not entitled to a reduction in his support obligation.
 {¶ 6} The court overruled appellant's motion for reduction or termination of spousal support. Thus, support would continue at $900 per month. Appellant filed his timely notice of appeal from this decision on January 8, 2003.
 {¶ 7} Appellant raises five assignments of error. His first, second, and fourth assignments of error all allege the trial court's decision is against the manifest weight of the evidence. Therefore, we will address them together. But first, for clarity's sake, we will address appellant's third assignment of error, which states.
 {¶ 8} "The trial court erred in considering the transcript of proceedings held before the magistrate on May 13, 2002."
 {¶ 9} Appellant argues that the trial court should not have considered the May 13th magistrate's hearing transcript in making its decision because the December 12th hearing was to be de novo. Appellant claims appellee should not have been permitted to use a claimed conflict of interest to have the magistrate's decision thrown out and then use the transcript of that magistrate's proceeding as evidence in a new hearing on the motion. Appellant notes that he never stipulated to admitting the transcript as evidence.
 {¶ 10} Appellant compares his case to Grant v. Ohio Dept. ofLiquor Control (1993), 86 Ohio App.3d 76. In Grant, the First District held that in a de novo appeal from the Industrial Commission decision to the common pleas court, the Industrial Commission's findings are irrelevant and, unless the parties stipulate to evidence, it is error for the court to rely on evidence that was only before the Industrial Commission. Appellant also cites to Hapgood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, which noted that during a trial de novo, the common pleas court is to base its determination on the evidence presented at the trial and not on evidence presented at an earlier proceeding before the Industrial Commission.
 {¶ 11} At the December 12th hearing, appellant, acting pro-se, failed to object to appellee's submission of the May 13th transcript. Although appellant is proceeding pro se, we must hold him to the same rules and procedures as litigants who retain counsel. Jancuk v. Jancuk (Nov. 24, 1997), 7th Dist. No. 94 C.A. 221. Generally, a party's failure to object to the admission of evidence waives his right to assign its admission as error on appeal. Blanton v. Internatl. Minerals Chem. Corp. (1997),125 Ohio App.3d 22, 27. Thus, appellant waived his right to raise the admission of the transcript as error, absent plain error. The plain error doctrine allows us to correct errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error in the trial court. In re Atkins (Mar. 7, 2001), 7th Dist. Nos. 705, 706, citing Reichert v. Ingersoll (1985), 18 Ohio St.3d 220,223. But the application of the plain-error doctrine in civil cases is limited to "extremely rare cases involving exceptional circumstances that seriously affect the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id., citing Goldfuss v. Davidson (1997),79 Ohio St.3d 116, at syllabus.
 {¶ 12} At the December 12th hearing, the court provided appellant with the opportunity to cross-examine appellee and to present evidence. Given the fact that appellee submitted the transcript and appellant did not object to its admission, we cannot say the court erred in considering the transcript. We also cannot conclude that by considering the transcript, the court made an error that seriously affected the basic fairness, integrity, or public reputation of the judicial process. Thus, appellant's third assignment of error is without merit.
 {¶ 13} Appellant's first, second, and fourth assignments of error respectively state:
 {¶ 14} "The December 12, 2002 judgment entry of the court is not supported by the record and/or is against the manifest weight of the evidence."
 {¶ 15} "The December 12, 2002 judgment entry of the trial court is not supported by the record and therefore said judgment is arbitrary and/or an abuse of discretion."
 {¶ 16} "If the trial court properly considered the transcript of proceedings before the magistrate on May 13, 2002, then the court's judgment entry of December 12, 2002, is against the manifest weight of the evidence and/or demonstrates an abuse of discretion."
 {¶ 17} Appellant contends the trial court's decision is against the manifest weight of the evidence. His first and second assignments of error presume that we will find the court erred in considering the May 13th transcript and, therefore, we will not consider that transcript. He then alleges that since appellee presented no other evidence at the December 12th hearing, the court's judgment was against the weight of the evidence. But as we have already determined, the trial court did not err in considering the May 13th transcript. Thus, appellant's first and second assignments of error are without merit.
 {¶ 18} In his fourth assignment of error, appellant argues that if we find that the trial court properly considered the May 13th transcript, the court's decision was still against the manifest weight of the evidence. He points to his testimony at the May 13th hearing that he lost his job on February 6, 2002. Appellant points out that although appellee tried to show that he was fired because of his own voluntary acts, he testified that he challenged his company's termination and qualified for unemployment benefits. He also testified as to his sharp decline in income from 2000 to 2002. Thus, he alleges that if the court properly considered the May 13th transcript, his testimony clearly demonstrated the requisite change in circumstances to effect a reduction of spousal support. Finally, appellant points to the magistrate's overruled decision. He states that the decision was well reasoned based on the evidence. He argues that it is implausible that the court would reach the opposite conclusion based on the same evidence without providing any reasons.
 {¶ 19} In reviewing the trial court's decision, this court is guided by the principle that a judgment supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280. Furthermore, in considering whether the judgment is against the manifest weight of the evidence, it is important that this court be guided by a presumption that the findings of the trier of fact are correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. A reviewing court should give every reasonable presumption in favor of the trial court's judgment and findings of fact.Karches v. City of Cincinnati (1988), 38 Ohio St.3d 12, 19.
 {¶ 20} "Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists." Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, 397. A "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The burden of proving a change in circumstances lies on the movant. Shepherd v. Shepherd (Apr. 10, 2000), 7th Dist. No. 97-JE-16. Thus, the burden was on appellant to show a change in circumstances warranting a reduction in his support payments.
 {¶ 21} Appellant states he was the only one to present evidence at the December 12th hearing by way of his testimony. But a careful review of the record reveals this is not so. The court never swore appellant in. Appellant, acting pro se, merely made his argument to the court why it should reduce his support payments. Thus, appellant's arguments were not evidence. Appellant was under no duty to tell the truth. While both parties and even the trial court overlook this problem (the trial court stated in its judgment entry, "[a]fter testimony of the parties * * *"), we cannot consider a party's argument in favor of his motion as evidence properly on the record. Thus, without the May 13th transcript, there would be no evidence on the record at all, only arguments.
 {¶ 22} In considering the May 13th transcript, we find the following evidence. Appellant testified that at the time of the divorce, the court considered his wages for the year 2000, which were $84,569. (Tr. 6). He stated that of the $84,569, $14,753 was from bonuses and $12,128 was for moving expenses. (Tr. 6-7). Therefore, appellant stated, his income for 2000 was only $57,000. (Tr. 7). Appellant testified that his income for 2001 was $47,032. (Tr. 8). Finally, appellant testified that he was terminated on February 6, 2002 and was currently collecting unemployment of $326 per week. (Tr. 9).
 {¶ 23} On cross-examination, appellee questioned appellant about whether his unemployment was voluntary. Apparently, appellant, who had been employed as a retail manager, was fired for failing to make a bank deposit in accordance with company policy. (Tr. 17). Appellee argued that since appellant was aware of the company policies, by failing to follow the policies he became voluntarily unemployed. Appellant admitted that he knew the store policy and acknowledged receipt of a handbook outlining his duties. (Tr. 13-14, 38). He further admitted that he had received warnings in the past. (Tr. 12). From this evidence, the trial court could reasonably conclude that appellant was voluntarily unemployed.
 {¶ 24} Appellee also presented evidence that appellant was living with a woman. (Tr. 22-26). While appellee alleged that appellant was supporting this woman, appellant denied it. (Tr. 26). Additionally, she presented evidence of appellant's 401K, which was well in excess of $100,000. (Tr. 31, 33). Furthermore, appellant discussed his monthly expenses, which include: $805 for rent, not including utilities; a $457 car payment; $174.91 for cigarettes; and lottery money. (Tr. 20-27).
 {¶ 25} Presumably based on this evidence, the trial court found that a reduction in support was not warranted. Although the court does not state its reasons for so deciding, it appears that it must have concluded that appellant's unemployment was voluntary, given the testimony that he knew company policy but did not follow it, resulting in his termination. Even viewing appellant's unemployment as voluntary, a change in circumstances necessitating a reduction in support exists. Appellant testified his spousal support payments were based on his 2000 income of $84,569, of which over $12,000 was in moving expenses. Presumably, appellant's moving expense payment was a one-year occurrence. Thus, appellant's income dropped by $12,128 in just one year. This testimony was uncontested. This reduction in income alone is a substantial change in circumstances that justifies a reduction in support payments.
 {¶ 26} A change in circumstances includes "any increase orinvoluntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). (Emphasis added.) Competent, credible evidence exists on the record from which the trial court could conclude that appellant's unemployment was voluntary. However, the evidence demonstrated that appellant's salary was involuntarily decreased by $12,128. This warrants a reduction in his support obligation. Accordingly, appellant's fourth assignment of error has merit.
 {¶ 27} Appellant's fifth assignment of error states:
 {¶ 28} "The trial court's judgment entry of December 12, 2002, fails to consider all statutory factors relative to spousal support and/or fails to provide sufficient detail to enable a reviewing court to determine whether the trial court's decision regarding spousal support is fair, equitable and in accordance with law."
 {¶ 29} Appellant argues that the trial court erred in failing to provide the parties and this court with reasons for its decision, including a discussion of the R.C. 3105.18 statutory factors relative to spousal support. He contends that in considering spousal support, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with law. Citing, Kaechele v. Kaechele (1988),35 Ohio St.3d 93.
 {¶ 30} As appellee correctly points out, this case only dealt with a motion to reduce or terminate support. It was not an award of spousal support. "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support," the court must consider the thirteen factors listed in R.C.3105.18(C)(1) and any other factor the court finds relevant. R.C.3105.18(C)(1). However, in order to modify a support order a court must determine that the circumstances of either party have changed and the divorce decree must contain a provision specifically authorizing the court to modify the amount or terms of spousal support. R.C. 3105.18(E). Since the court did not find a change in circumstances, it did not err in failing to discuss the R.C. 3105.18(C)(1) factors in its judgment entry denying appellant's motion for reduction or termination of support. Therefore, appellant's fifth assignment of error is without merit.
 {¶ 31} For the reasons stated above, the trial court's decision is hereby reversed and this matter is remanded for the trial court to recalculate spousal support without including appellant's moving expenses of $12,128 in his imputed earnings.
Waite, P.J., concurs.
DeGenaro, J., concurs in judgment only. See concurring in judgment only opinion.